UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT INGRAM,

              Plaintiff,

     - against -                            04 CV 7476 (GBD)

KENNETH PEARLMAN et. al.,               <u>ORDER</u>

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

      Petitioner Robert Ingram seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), contending that his confinement by New York State is unlawful because his Sixth Amendment right to a public trial was violated. The Petition was referred to Magistrate Judge Ronald L. Ellis for a Report and Recommendation (the "Report"). Magistrate Judge Ellis recommends that the writ of habeas corpus be denied.

      Petitioner was arrested for selling crack-cocaine to an undercover police officer on August 22, 1999. At a pre-trial <u>Hinton</u>[1] hearing, the trial court granted the prosecution's motion, over the objections of the petitioner, to close the courtroom to the public during the testimony of the two undercover officers to protect their safety and effectiveness. The trial court allowed the petitioner's family and friends to attend the trial so long as they identified themselves to the prosecutor and faced no pending drug case. The trial court also permitted high school students interning at the District Attorney's office, who had passed a security clearance, to view the trial. On the fourth day of the trial, the wife of a juror serving in petitioner's case entered the

---

[1] <u>People v. Hinton</u>, 31 N.Y.2d 71 (1972).

courtroom to observe the trial, but she was not permitted to do so because of the trial's closure to the general public.[2] Petitioner contends that her exclusion deprived him of his right to a public trial.

Petitioner was convicted on August 16, 2000. He appealed to the Appellate Division, which affirmed the conviction. The Court of Appeals denied his application for review. He then filed the instant petition for habeas review.

Magistrate Judge Ellis found that petitioner's right to a public trial had not been violated because the trial court's exclusion of the juror's wife in the interest of protecting the undercover officers was legitimate and, because the transcript of the trial was made public, the trial court had provided a reasonable alternative to the open-court testimony. Magistrate Judge Ellis also found that the exclusion of the juror's wife was trivial because she was not a family member of the petitioner and her exclusion from the courtroom did not subvert a core value of Sixth Amendment protection.

Petitioner filed timely objections to the Report. Petitioner objects to the Report on the grounds that the trial court's closure was broader than necessary, the trial court did not consider reasonable alternatives, and the trial court failed to make sufficient findings to support the closure. Petitioner contends that the Appellate Division's affirmation of the closure was contrary to established U.S. Supreme Court precedent and objectively unreasonable.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

---

[2] The juror's wife explained to the court that she was interested in seeing a trial only for educational purposes. The court referred her to a different trial in a neighboring courtroom. People v. Ingram, 3 A.D.3d 437, 438, 770 N.Y.S.2d 718, 718 (1st Dept. 2004).

to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The Court is obligated to exercise "sound judicial discretion with respect to whether reliance should be placed on [the Magistrate Judge's] findings." Am. Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y. 1981), aff'd, 697 F.2d 287 (2d Cir. 1982).  The Court, however, "may adopt the uncontested portions of the report unless they show clear error." La Barbera v. A.F.C. Enterprises, Inc., 402 F.Supp.2d 474, 476-77 (S.D.N.Y. 2005) (citations omitted). With respect to the portions of the Report to which no objections were made, those findings are not clearly erroneous.  As to the portions of the Report to which petitioner objects, this Court has considered the objections and finds them to be without merit.  The Report is adopted and petitioner's application is denied.

A federal court may grant a writ of habeas corpus when the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d)(1);  Williams v. Taylor, 529 U.S. 362 (2000).  A federal court may also grant a writ of habeas corpus if the state court's decision was based on a unreasonable determination of the facts.  28 U.S.C. § 2254(d)(2).  In reviewing a petition for habeas corpus, all state court factual findings are presumed correct and can be rebutted only by clear and convincing evidence that the factual findings were unreasonable.  28 U.S.C. § 2254(e)(1); see also Wiggins v. Smith, 539 U.S. 510 (2003).

To close a trial to the public without infringing upon a defendant's Sixth Amendment right to a public trial, four factors must be met: (1) there must be an "overriding interest that is likely to be prejudiced," (2) "the closure must be no broader than necessary to protect that interest," (3) "the trial court must consider reasonable alternatives to closing the proceeding," and (4) "it must make findings adequate to support the closure." Waller v. Georgia, 467 U.S. 39, 48 (1984). The safety of an undercover police officer has been found to be an overriding interest that satisfies the first prong of the test, Brown v. Artuz, 283 F.3d 492, 501-02 (2d Cir. 2002), and petitioner does not dispute the prosecution has met the burden of demonstrating the need to protect the safety and effectiveness of the undercover officers. Petitioner asserts that the second, third, and fourth Waller factors were not met.

The second Waller factor implicates the extent of the closure and whether it was narrowly tailored "to exclude spectators only to the degree necessary to satisfy the objective for which it was ordered." Woods v. Kuhlmann, 977 F.2d 74 (2d Cir. 1992). "Whether a closure is narrow or broad depends on several factors, including its duration, whether the public can learn what transpired while the trial was closed, whether the evidence was essential, and whether selected members of the public were barred from the courtroom or whether all spectators were excluded." Bowden v. Keane, 237 F.3d 125, 129-30 (2d Cir. 2001). See also Brown v. Kuhlman, 142 F.3d 529, 536 (2d Cir. 1998) (noting that the trial in question was never completely closed to the public where "[the defendant] was tried before a jury composed of fifteen representatives of the community . . . who may have outnumbered the handful of spectators in the courtroom.").

Prior to trial in the instant case, the trial court considered applicable testimony, evidence, and objections, and ruled that the trial should be closed to the general public. The evidence

4

presented by the two undercover officers was substantial and essential to the case. The transcript of the trial was made available to the public, and not all of the spectators were barred from the courtroom. Petitioner's family and friends were allowed to attend the trial, as well as a number of high school interns. Therefore, the exclusion of the wife of a juror, a stranger to the proceedings, who entered the courtroom long after the trial had already begun, cannot be said to be overly broad. As petitioner had no special relationship with the juror's wife, nor any expectation that she would be attending the proceeding, as a member of the general public she was appropriately excluded pursuant to the court's pre-trial ruling.

The third Waller factor requires that the trial court adequately consider reasonable alternatives to closing the proceeding. When considering closure, a trial judge is not required to consider alternatives to closure other than the ones suggested by the parties. Ayala v Speckard, 131 F.3d 62, 64 (2d Cir. 1997). The record indicates that the trial court did consider alternatives to closing the proceeding during the pre-trial Hinton hearing. The Court did not exclude all members of the public. It ruled that both the petitioner's family and friends, and a group of high school interns, could attend the trial. In addition, the record indicates that the transcript of the trial was made accessible to the public. The Second Circuit has stated that providing public access to the trial transcript where an undercover officer's identity must be protected is a reasonable alternative to an open trial. Brown v. Artuz, 283 F.3d 492, 502 (2d Cir. 2002).

The fourth Waller factor requires that the trial court make findings reasonable to support the closure of the courtroom. Petitioner suggests that the trial court was obligated to find that the wife of the juror posed a threat to the undercover officers to justify her exclusion from the courtroom. The trial court, having considered the threat of public exposure to the undercover

officers at the Hinton hearing, and having devised a reasonable alternative to the complete exclusion of public spectators at the trial, need not continue to make an individual threat assessment for every member of the public who may wander into the courtroom. In fact, the purpose of the pre-trial Hinton hearing is to avoid continually revisiting the question of who may have access courtroom during the trial.

The trial court met all four Waller factors when it closed the courtroom pursuant to the pre-trial Hinton hearing. The trial court's decision to order limited closure of the trial to the general public, and the appellate division's affirmation of that closure were not neither contrary to U.S. Supreme Court precedent nor objectively unreasonable.

The Report is adopted and the Petition is denied. The Clerk of the Court is directed to close the case.

Dated: April 5, 2007
New York, New York

SO ORDERED: APR 0 9 2007

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge